## Dean *v.* Morris.

Purchasers at judicial sales must take notice of the titles for which they bid.

A purchaser cannot avoid his bid at a sheriff's sale, by showing a defective title in the judgment debtor.

Fraud not sufficiently charged, by averring that the coroner and attorney knew that the title of the land sold on execution by the coroner was defective.

*Appeal from Van Buren District Court.*

*Opinion by* Hall, J.  Morris as coroner of Van Buren county, had several executions in his hands in favor of divers parties, against Morlow the sheriff.  The executions were issued upon judgments in Van Buren district court. The executions had been levied upon several tracts of land, amongst them was the north-east quarter of north-west quarter of section twenty-five, township sixty-nine, range ten.  After advertising, the property was offered at public ·sale, when Dean bid for said tract of land, the sum of one hundred dollars, and the same was struck of to him by the coroner, Morris.  Dean ascertained that Morlow, had conveyed this land to one Lusk, before the date of the judgment, by deed of general warranty ; that Lusk had filed his deed for record and had the regular indorsements and certificate from the recorder, but the recorder had misdescribed the land on the record in recording the deed. Thereupon he refused to pay the sum bid, and sets up those facts ; and charges, that the coroner and the judgment creditors of Morlow, and their attorney, had full notice of the sale of the land by Morlow to Lusk, and the mistake of the recorder in recording the deed, and charges, that the evy and sale of the land as Morlow's "was a fraud upon bidders at said sale," and that he has received no consideration for said sum of money, and that he has received no cer ificate of purchase or deed.  The plaintiff below demurred

Dean *v.* Morris.

to the answer, upon which there was a judgment for the plaintiff, for the one hundred dollars and costs.

The doctrine is well settled, that purchasers at judicial sales must take notice of the title for which they bid. *Coveat emptor.*" Let the purchaser beware, is a legal maxim, and a note of universal warning to all who deal with auctioneer officers of the law. These officers do not profess to have a knowledge of the title of property they offer for sale. They give no warranty, nor profess to sell any interest beyond that of the judgment debtor. A purchaser cannot avoid his bid, or excuse himself from paying the amount by showing a defective title in the judgment debtor. 4 McLean, R., 607 ; 3 Scam., 502 ; 4 Scam., 486 ; 1 Gilman, 220 ; 8 Blackf., 432 ; 2 Carter, Inda., 526.

The allegations in the answer that the facts of levying on land and offering it for sale, that the coroner and attorney of judgment creditors knew Morlow had no title to the land, " was a fraud upon bidders at the sale," is not a sufficiently distinctive charge, and allegation of fraud so as to present that issue ; and even if that defense had been fully presented, there is some doubt whether a court of law would entertain the issue in that shape. Without giving any intimation on this point, we cannot but think that a court of equity, would be the most appropriate *forum*.

Judgment affirmed.

*C. C. Nourse,* for appellant.

*21